IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                    No. CR 97-731 BB

RODNEY MILLER,

      Defendant.

### MEMORANDUM OPINION
### AND
### ORDER DENYING MOTION FOR REDUCTION

**THIS MATTER** is before the Court on Defendant's *Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2)* [Doc. 50]. The Court having reviewed all briefs and pleadings, finds the *Motion* must be Denied.

*Discussion*

In December 1997, Defendant was indicted for possession with intent to distribute 50 grams and more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) [Doc. 15]. On April 6, 1998, the United States filed an Amended Sentencing Enhancement Information pursuant to 21 U.S.C. § 851 [Doc. 34]. The Information notified Defendant, *inter alia*, that his prior drug felony conviction increased his minimum mandatory statutory term of imprisonment from 10 years to 20 years.

**On April 7, 1998, Defendant entered a guilty plea to the Indictment [Docs. 35, 36]. In his plea agreement, Defendant acknowledged that the statutory minimum term of imprisonment was 20 years [Doc. 35]. Because the offense involved 123.3 net grams of cocaine base, Defendant's base offense level was 32. Defendant, however, qualified as a career offender pursuant to U.S.S.G. § 4B1.1. Career offender status resulted in a criminal history category of VI. This resulted in a statutory maximum term of life imprisonment under 21 U.S.C. § 841(b)(1)(A), and bumped the career offender offense level to 37. The resulting guideline imprisonment range was 360 months to life.**

**This Court sentenced Defendant on July 2, 1998. The Court granted a three level reduction for acceptance of responsibility, which resulted in an offense level of 34. Offense level 34 combined with a criminal history category of VI established a guideline imprisonment range of 262 to 327 months. The Court sentenced at the low end, 262 months.**

**In summary, based on the career offender guideline, Defendant's original offense of conviction would not allow for a lesser sentence under the retroactive cocaine base offense guideline amendment. *See* 18 U.S.C. § 3582(c)(2); *United States v. Sharkey*, 543 F.3d 1236 (10th Cir. 2008).**

**O R D E R**

For the above stated reasons, this Court is not legally authorized to grant Defendant's *Motion* and it must be DENIED.

SO ORDERED this 4th day of December, 2008.

                                                                                     _____
                                                                                     **BRUCE D. BLACK**
                                                                                     **United States District Judge**